UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LANE BOWDEN,                         )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    No. 1:13-cv-201-GZS
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social Security,     )
                                     )
            Defendant                )


# REPORT AND RECOMMENDED DECISION ON APPEAL[1] AND ON MOTION TO REMAND

The plaintiff in this Social Security Disability ("SSD") appeal seeks remand of this case under the sixth sentence of 42 U.S.C. § 405(g),[2] and, in the alternative, contends that the administrative law judge assigned him a residual functional capacity ("RFC") that is not supported by any medical opinion, and that he wrongly failed to acknowledge the effect of the plaintiff's age. I recommend that the court deny the motion to remand and affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The sixth sentence of that subpart provides, in relevant part: "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g).

1

## I. The Motion to Remand

Almost two months after the appeal in this case was fully briefed, and after the appeal had been set for oral argument, the plaintiff moved to remand the action based upon "important new and material evidence in that the Commissioner has now applied [the borderline age] rule on [the plaintiff's] subsequent claims, determining that he has been disabled since September, 3013." Plaintiff's Motion to Remand Pursuant to Sentence Six ("Motion") (ECF No. 18) at 1. The plaintiff asserts that the Appeals Council "should consider whether the subsequent grant has implications for the prior decision" and asserts that the subsequent decision "would bring into play the provisions of [Social Security R]uling 83-20." *Id*. He cites no authority in support of this argument.

The defendant responds that the February 24, 2014, decision granting the plaintiff both SSD benefits and Supplement Security Income ("SSI") benefits is not new and material evidence relevant to the earlier decision under appeal here.[3] She cites several cases from other jurisdictions rejecting the argument made by the plaintiff. Defendant's Opposition to Plaintiff's Motion to Remand Pursuant to Sentence Six ("Opposition") (ECF No. 19) at 1-2. I find those opinions to be persuasive, particularly where, as here, it is the plaintiff's burden when seeking such a remand to demonstrate that the specific evidence is both new and material, *Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 139 (1st Cir. 1987), and the plaintiff has made no effort to do so. *See, e.g., Perry v. Astrue*, Civil Action No. 10-11004-DPW, 2012 WL 645890, at *11-*12 (D. Mass. Feb. 27, 2012) (and cases cited therein); *Jirau v. Astrue*, 715 F.Supp.2d 814, 825-26 (N.D. Ill. 2010) (and cases cited therein). *See also McDonald v. Social Sec. Admin. Comm'r*, No. 1:09-cv-473-JAW, 2010 WL 2680338, at *2 (D. Me. June 30, 2010) (setting out requirements to obtain pre-judgment remand under sentence six).

---

[3] Only an application for SSD benefits is involved in the appeal.

The plaintiff asserts that remand would "allow the Appeals Council to apply the HALLEX provisions regarding subsequent grants, HALLEX I-5-3-17[.]" Motion at 1. However, as the defendant points out, Opposition at 3, that provision of the Hearings, Appeals and Litigation Law Manual, an internal procedural document of the Social Security Administration, *see Dawes v. Astrue*, No. 1:11-cv-272-DBH, 2012 WL 1098449, at *3 (D. Me. Mar. 30, 2012), applies only when the first application remains pending before the Appeals Council when the second application is approved. HALLEX I-5-3-17, 2001 WL 34096370. That is not the case here.

I recommend that the motion to remand be denied.

## II. The Appeal

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, Finding 1, Record at 14; that he suffered from coronary artery disease status post placement of two stents and chronic obstructive pulmonary disorder, impairments that were severe but which did not, considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 14-16; that the plaintiff retained the RFC to perform light work except that he could stand and walk no more than three total hours in an eight-hour workday, required a sit/stand option so that he could stand up and stretch once per hour, could never crawl or climb ladders, ropes, or scaffolds, could rarely climb ramps or stairs, could only occasionally balance, stoop, crouch, or kneel, must avoid all exposure to cold, extreme heat, wetness, humidity, excessive vibration, unprotected heights,

open bodies of water, poorly ventilated areas, pulmonary irritants, and all use of machinery, Finding 5, *id*. at 16-17; that he was unable to perform any past relevant work, Finding 6, *id*. at 22; that, given his age (44 on the alleged date of onset of disability, September 12, 2008), at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-8, 10, *id*.; and that, therefore, he had not been under a disability at any time from the alleged onset date through the date of the decision, September 21, 2012, Finding 11, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### A. Discussion

#### 1. Medical Evidence

The plaintiff contends that the administrative law judge committed reversible error by including in his RFC limitations based only on the plaintiff's own testimony, rather than on medical evidence. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 13) at 4-7. Specifically, he points out that there is only one medical evaluation of his application in the record, a review by a state-agency reviewing physician, which was "entirely based on Plaintiff's cardiac-related impairments." *Id*. at 4. The RFC assigned to the plaintiff by the administrative law judge included limitations based on his chronic obstructive pulmonary disorder — a need to avoid exposure to pulmonary irritants, for example — which the administrative law judge found to be severe. Record at 14, 16-17. The administrative law judge gave "little weight" to the state-agency reviewer's opinion about limitations caused by the plaintiff's COPD because "much of the evidence concerning the condition was not available" when the state-agency review was conducted. *Id*. at 21.

The plaintiff concludes that the lack of support "by any opinion from an acceptable medical source" for the COPD-related limitations requires remand. Itemized Statement at 5. Since the administrative law judge admittedly did not rely on the state-agency reviewer's opinions in this regard, the plaintiff's argument that the reviewer's report "cannot constitute substantial evidence for the ALJ's RFC finding[,]" *id*. at 5, is beside the point. The plaintiff asserts that he is entitled to remand because the administrative law judge could not "cite any medical opinion evidence in support of his COPD-related RFC limitations." *Id*. at 6.

The plaintiff argues that the administrative law judge must have derived the COPD-related limitations based upon "his own lay interpretation of the [raw] medical evidence," *id.*,

5

which is largely forbidden by Social Security law. *See, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). However, an administrative law judge may assess an RFC without relying on a medical opinion where the medical evidence "shows relatively little physical impairment," *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996), so long as he or she does not render a medical judgment that is beyond the bounds of a lay person's competence. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

The defendant does not disagree with the plaintiff's assessment that the record lacks a medical opinion to support the limitations in his assigned RFC that are related to his COPD. Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 16) at 2-8. Rather, she points out that the plaintiff has failed to identify the specific raw medical evidence that he alleges that the administrative law judge improperly interpreted, as required in this district. *See Adams v. Barnhart*, Civ. No. 05-134-B-W, 2005 WL 3832408, at *3 (D. Me. Mar. 6, 2005). She also argues that what medical evidence of COPD there is in the record demonstrates that it was minimal, so that the administrative law judge could rely on the plaintiff's own testimony about the limitations imposed by that impairment, citing *Dandreo v. Astrue*, Civ. No. 09-347-P-H, 2010 WL 2076090, at *6 (D. Me. May 20, 2010). Opposition at 6, 7-8. I agree.

I note, in addition, the long-standing rule of Social Security law in this district that a claimant may not obtain a remand on the basis of an RFC that is more favorable to him or her than the evidence would otherwise support. *See, e.g., Gonsalves v. Astrue*, Civil No. 09-181-B[-]W, 2010 WL 1935753, at *6 (D. Me. May 20, 2010). If, despite the fact that there is no medical evidence of any limitations caused by the plaintiff's COPD, the administrative law judge

included such limitations in the RFC that he assigned to the plaintiff, the long-standing rule applies here as well.[4]

### 2. Vocational Testimony

The plaintiff argues that the hypothetical question posed to the vocational expert at hearing was fatally deficient due to the deficiencies in the RFC that he assigned to the plaintiff and included in the question, for the reasons he proffered in connection with the first issue. Itemized Statement at 7-8. I have rejected his arguments about the RFC, so this corollary argument regarding the hypothetical question must fail as well.

### 3. The Plaintiff's Age

The plaintiff's final challenge is more complicated. He contends that, because the vocational expert "correctly limited [him] to sedentary jobs (despite the ALJ's erroneous determination that it was a light RFC)," he is entitled to remand due to the fact that the administrative law judge did not consider "that his age status was nearing the period immediately prior to his 50th birthday." *Id.* at 9. There is no suggestion in the record that the plaintiff's representative asked the administrative law judge to do so.

This argument is based on the fact that Rule 201.14 of the Grid directs that an individual age 50-54 with only a high school education, unable to return to past work, and without vocational skills should be found to be disabled. Rule 201.14, Appendix 2 to 20 C.F.R. Part 404, Subpart P. The range of ages between 50 and 54 is characterized by Social Security regulations as "closely approaching advanced age." The plaintiff seeks to take advantage of the concept of

---

[4] At oral argument, the plaintiff's attorney conceded that the limitations included in the plaintiff's RFC by the administrative law judge due to COPD were more favorable than the medical evidence would support, but argued that the limitations were not favorable enough, based on the plaintiff's testimony. A ruling in favor of the plaintiff on this basis would contradict much of current Social Security law dealing with credibility of applicants. In this case, the plaintiff does not challenge the administrative law judge's finding that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Record at 17.

7

"borderline age," by which a claimant may be given the benefit of a higher age category if his age at a certain time is close to the lower limit of that category for purposes of application of the Grid. *See, e.g., Swan v. Barnhart*, No. 03-130-B-W, 2004 WL 1529270, at *9 (D. Me. Apr. 30, 2004).

The plaintiff was born on January 20, 1964. Record at 22. He filed his SSD application on November 12, 2010. *Id*. at 12. His date last insured was December 31, 2013. *Id*. at 14. The administrative law judge's decision is dated September 21, 2012. *Id*. at 23. The plaintiff's fiftieth birthday was January 20, 2014. In this district, entitlement to borderline-age consideration is measured from the plaintiff's date last insured for purposes of SSD. *Swan*, 2004 WL 1529270, at *9 n.12 & cases cited therein. If the plaintiff on that date was within six months of his fiftieth birthday, he is entitled to borderline-age consideration, so long as other necessary factors are present. *Veach v. Commissioner, Soc. Sec. Admin.*, Civil No. 1:13-cv-76-DBH, 2014 WL 35362, at *6 (D. Me. Jan. 6, 2014). Here, the plaintiff was within one month of his fiftieth birthday on the date he was last insured. It is not necessary that the claimant have raised this issue at the hearing. *Id.*

That does not resolve the issue in this case, however, because the administrative law judge's RFC puts the plaintiff at the light exertional level, Record at 16, and the plaintiff's Grid-based argument depends on an RFC at the sedentary level. *See* Grid Rule 202.13 ("Not disabled" at light exertional level). The plaintiff dismisses this concern in less than a sentence and without citation to authority; he asserts that the RFC limits to lifting no more than 10 pounds and standing for less than six hours make sedentary work the appropriate category. Itemized Statement at 9.

The applicable regulations provide that sedentary work involves lifting no more than 10 pounds at a time. 20 C.F.R. § 404.1527(a). Light work involves lifting no more than 20 pounds at a time with frequent lifting of 10 pounds at a time. 20 C.F.R. § 404.1567(b). Periods of standing or walking at the sedentary level should total no more than two hours of an eight-hour workday. Social Security Ruling 83-10, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 29. In the instant case, the RFC limits the plaintiff to three hours of walking and standing in an eight-hour workday. Record at 16. Thus, it appears that, as to the lifting restriction, the plaintiff falls in the sedentary range, but as to the restriction on walking and standing, he falls in the light range.

As the defendant points out, Opposition at 11, when, as here, the Grid rules applicable to different exertional levels direct opposite results, the administrative law judge is directed to consult a vocational expert. Social Security Ruling 83-12, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 37. A vocational expert testified in this case, but she was not asked about the extent of the erosion of the occupational base by the restrictions at issue, which is the question that the administrative law judge is directed to explore with the vocational expert. *Id.* The administrative law judge in this case merely asked the vocational expert to assess the plaintiff's past work and posed to the vocational a hypothetical question based on his assessment of the plaintiff's RFC, as is done in the usual case in which borderline age is not an issue. Record at 62-72. He did not ask about the extent of erosion of the occupational base due to the restrictions included in his hypothetical question.

The defendant further points out, however, Opposition at 11, that the Grid rules do not apply "if one of the findings of fact about the person's vocational factors and residual functional capacity is not the same as the corresponding criterion of a rule." 20 C.F.R. § 404.1569. In this

9

case, the administrative law judge used the Grid as a framework for decision making. Record at 22-23. He said that he questioned the vocational expert "[t]o determine the extent to which these limitations erode the unskilled light occupational base," *id*. at 22, and, while the identification of two jobs that would be available to a person with the RFC assigned to the plaintiff by the administrative law judge does not directly address that issue, it has been held to be sufficient in other cases, the reasoning of which I find persuasive. *See, e.g., Holmes v. Commissioner of Soc. Sec.*, No. 1:12-cv-324, 2013 WL 6094629, at *9 (E.D. Tenn. Nov. 20, 2013); *Willman v. Astrue*, No. 12-CV-1595-IEG (RBB), 2013 WL 4806463, at *7 (S.D. Cal. Sept. 9, 2013).

### III. Conclusion

For the foregoing reasons, I recommend that the motion to remand be **DENIED** and that the commissioner's decision be **AFFIRMED**.

#### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge